# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RLI INSURANCE COMPANY**                                        **PLAINTIFF**

v.                                                              No. 1:04CV53

**B&W CONTRACTORS, INC. et al**                                  **DEFENDANTS**

## ORDER

The court presently has before it a summary judgment motion filed by plaintiff RLI Insurance Company ("RLI"), pursuant to Fed. R. Civ. P. 56. This case involves a contractual dispute regarding plaintiff's issuance of contract bonds for the benefit of defendant B&W Contractors, Inc. in connection with highway and bridge construction projects in which defendant served as a contractor. At some point, a large claim was made against the bonds issued on the projects in question. Plaintiff alleges that B&W, as well as individual defendants who had agreed to serve as indemnitors, failed to live up to agreements which they had made to cooperate in the investigation of the claim and to post collateral on the bonds.

It appears to this court that plaintiff may have a rather strong case with regard to its claim that defendants failed to live up to the indemnity agreement which they signed. In its response to the motion, defendants rely heavily upon affidavits relating to their *counter-claim* against plaintiff, and the deposition testimony of individual defendants does appear to suggest that at least some defendants may have failed to abide by the terms of the indemnity agreement. At the same time, the granting of a plaintiff's, rather than a defendant's, motion for summary judgment is problematic in this context, particularly considering the complexity of the damages issues herein.

Plaintiff alleges that it has incurred "costs, liabilities and expenses in the amount of $827,645.42 as a result of investigating and resolving the claims against the contract bonds and this litigation," but it seems clear to this court that, even assuming that plaintiff's claims have merit, some form of trial would be required to establish these alleged damages. Moreover, the inter-relationship between plaintiff's claim and the counter-claim asserted by defendants is not entirely clear. In this counterclaim, defendants/counter-plaintiffs allege that they suffered considerable damages in lost business as a result of plaintiff's alleged bad faith failure to issue bonds during the period from September 13, 2002 until December 9, 2002. While the merit of this counter-claim is strongly disputed by plaintiff, the court concludes that, given the complexity of the facts in this case, and the necessity of some fact-finding on the issue of damages, the better practice would be to permit the parties to present their version of events in this case at trial. Plaintiff's motion for summary judgment will therefore be denied.

Plaintiff has also filed motions *in limine* [56-1, 100-1] to preclude defendants from introducing evidence relating to the issue of damages, due to defendants' failure to produce evidence relating to these damages in a timely manner. This court's general inclination is to place a greater priority upon the jury's reaching an informed verdict than in strictly enforcing the discovery time limitations, so long as the parties had access to the information in question sufficiently early to prepare for trial. In its motion, plaintiff appears to concede that defendants did produce requested information at some point after a motion to compel was granted in February, 2005. However, it is not clear to this court exactly what evidence defendant may have persisted in failing to disclose, and the court concludes that, in light of these uncertainties, it will deal with any objections to such evidence on a case-by-case basis at trial. The court cautions

2

defendants that they will not be permitted to conduct a trial by ambush, and the court may well exclude certain evidence at trial if it becomes apparent that plaintiff would be unduly prejudiced by the admission of such evidence.

It is therefore ordered that plaintiff's motion [72-1] for summary judgment is denied. Plaintiff's motions *in limine* [56-1, 100-1] are denied at this juncture, but they may raise any objections to the admission of specific evidence at trial. Plaintiff's motions to strike [82-1, 84-1, 86-1] various affidavits executed by defendants are dismissed as moot.[1]

This is the 9th day of February, 2007.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**

---

[1] This court did not rely upon any alleged hearsay or other inadmissible statements in these affidavits in reaching its decision today.